UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                        Plaintiff,<br>-against-<br><br>U.S. Department of the Treasury,<br>1500 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20220<br><br>                        Defendant. | Civil Action No. 1:24-cv-47 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendant U.S. Department of the Treasury ("**Treasury**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

### PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

1

4. Defendant Treasury is an executive department agency within the Executive Branch of the United States Government. Treasury is an agency within the meaning of 5 U.S.C. § 552(f). Treasury has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 22, 2023, Plaintiff sent FOIA Request No. 1, IR#1017B, to Treasury seeking copies of the following records:

> All records concerning meetings held by the CBDC Working Group, established by the U.S. Department of the Treasury Report titled "The Future of Money and Payments."[1]
>
> <u>Information helpful to fulfilling the request</u>: responsive documents may include, but not be limited to: agendas, transcripts, minutes, audio/visual recordings, slide decks, and documents distributed by or to CBDC Working Group members in preparation for, during, or as a result of any meeting.

(**Exhibit 1**.)

6. Defendant Treasury acknowledged Plaintiff's FOIA request on March 22, 2023, and assigned it Request Number 2023-FOIA-00326. (**Exhibit 2**.)

7. On April 12, 2023, Defendant Treasury advised Plaintiff that "it is unclear what <u>specific</u> records you seek from Department of the Treasury with regards to item#1 (IR#1017B) of your request." Defendant Treasury requested that Plaintiff describe the records sought in greater detail. In response to Defendant Treasury's April 12, 2023 correspondence, Plaintiff narrowed and modified its request in correspondence dated May 1, 2023, followed by Plaintiff narrowing its search date in correspondence dated May 2, 2023. (**Exhibit 3.**)

8. On March 22, 2023, Plaintiff sent FOIA Request No. 2, IR#1017C, to Treasury seeking copies of the following records:

---

[1] https://home.treasury.gov/system/files/136/Future-of-Money-and-Payments.pdf

> Documents sufficient to identify all current and former members of the CBDC Working Group established by the U.S. Department of the Treasury Report titled "The Future of Money and Payments."[2]

(**Exhibit 4**.)

9. Defendant Treasury acknowledged Plaintiff's FOIA request on March 22, 2023, and assigned it Request Number 2023-FOIA-00327. (**Exhibit 5**.)

10. On March 22, 2023, Plaintiff sent FOIA Request No. 3, IR#1017D, to Treasury seeking copies of the following records:

> All emails sent or received by Janet Yellen from January 1, 2020 through the date of the search that contain the term(s) "CBDC" and/or "digital currency."

(**Exhibit 6**.)

11. Defendant Treasury acknowledged Plaintiff's FOIA request on March 22, 2023, and assigned it Request Number 2023-FOIA-00328. (**Exhibit 7**.)

12. On March 22, 2023, Plaintiff sent FOIA Request No. 4, IR#1017E, to Treasury seeking copies of the following records:

> All emails sent or received by Nellie Liang from January 1, 2020 through the date of the search that contain the term(s) "CBDC" and/or "digital currency."

(**Exhibit 8**.)

13. Defendant Treasury acknowledged Plaintiff's FOIA request on March 22, 2023, and assigned it Request Number 2023-FOIA-00329. (**Exhibit 9**.)

14. On April 12, 2023 and May 9, 2023, Treasury advised Plaintiff that all four of its FOIA requests had been aggregated and would be processed under 2023-FOIA-00326. (**Exhibits 3 and 10**.)

---

[2] https://home.treasury.gov/system/files/136/Future-of-Money-and-Payments.pdf

15. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination other than denial of expedited processing; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges the previous paragraphs as if fully stated herein.

17. Defendant is in violation of FOIA.

18. Defendant was required to make a final determination on Plaintiff's requests no later than April 12, 2023. Because Defendant failed to make a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

19. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

20. Plaintiff has no adequate remedy at law.

## COUNT II
## ENTITLEMENT TO WAIVER OF SEARCH FEES

21. Plaintiff realleges the previous paragraphs as if fully stated herein.

22. Defendant is in violation of FOIA.

23. Plaintiff sought a waiver of fees. Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

24. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA requests is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 6, 2024                      SIRI & GLIMSTAD LLP

                                                             */s/ Elizabeth A. Brehm*
                                                             Elizabeth A. Brehm, DC Bar No. NY0532
                                                             R. Scott Pietrowski, MS Bar No. 99387
                                                             (*pro hac vice to be filed*)

                                                             Siri & Glimstad LLP

745 Fifth Avenue, Suite 500<br>
New York, New York 10151<br>
Tel: (212) 532-1091<br>
ebrehm@sirillp.com<br>
spietrowski@sirillp.com