UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF THE TREASURY<br><br>   Defendant. | Civil Action No. 24-0047 (DLF) |

## ANSWER

  Defendant U.S. Department of Treasury ("Treasury"), by and through undersigned counsel, respectfully responds as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Informed Consent Action Network's Complaint (ECF No. 1) in this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

## JURISDICTION AND VENUE[1]

1. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

2. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

4. Defendant admits that Treasury is an agency within the Executive Branch, and an agency within the meaning of 5 U.S.C. § 552(f). The remainder of Paragraph 4 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## STATEMENT OF FACTS

5. Defendant admits that Plaintiff submitted a FOIA request to Treasury dated March 22, 2023. Defendant avers that that document is the best evidence of its contents and respectfully

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

6.      Defendant admits that it sent a Request Acknowledgement to Plaintiff's FOIA request on March 22, 2023 and assigned the Case Number 2023-FOIA-00326. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

7.      Defendant admits that it sent an email and attachment to Plaintiff on April 12, 2023 regarding its FOIA requests. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

8.      Defendant admits that Plaintiff submitted a FOIA request to Treasury dated March 22, 2023. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

9.      Defendant admits that it sent a Request Acknowledgement to Plaintiff's FOIA request on March 22, 2023 and assigned the Case Number 2023-FOIA-00327. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

10.     Defendant admits that Plaintiff submitted a FOIA request to Treasury dated March 22, 2023. Defendant avers that that document is the best evidence of its contents and respectfully

refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

11. Defendant admits that it sent a Request Acknowledgement to Plaintiff's FOIA request on March 22, 2023 and assigned the Case Number 2023-FOIA-00328. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

12. Defendant admits that Plaintiff submitted a FOIA request to Treasury dated March 22, 2023. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

13. Defendant admits that it sent a Request Acknowledgement to Plaintiff's FOIA request on March 22, 2023 and assigned the Case Number 2023-FOIA-00329. Defendant avers that that document is the best evidence of its contents and respectfully refers the Court to the document for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with that document.

14. Defendant admits that it sent Plaintiff written communications dated April 12, 2023 and May 9, 2023. Defendant avers that these communications are the best evidence of their contents and respectfully refers the Court to these communications for a complete and accurate statement of their contents and denies any allegations inconsistent with these communications.

15. Defendant avers that it has not produced records in response to the requests or asserted that the records are exempt from production. Defendant denies the remaining allegations.

## COUNT I
## FAILURE TO MADE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

16. Defendant realleges and reincorporates as if fully set forth herein its responses to paragraphs 1 through 15.

17. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

18. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

19. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

20. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

## COUNT II
## ENTITLEMENT TO WAIVER OF SEARCH FEES

21. Defendant realleges and reincorporates as if fully set forth herein its response to paragraphs 1 through 15.

22. Defendant avers that Plaintiff sought a waiver of fees. The remainder of the paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

23. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

24. This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

## REQUESTED RELIEF

The remaining paragraph and sub-paragraphs consist of Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

\* \* \*

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## DEFENSES

### FIRST DEFENSE

Plaintiff's requests are not reasonably described in sufficient detail and present an unduly burdensome effort of review, redaction, and production for Defendant.

### SECOND DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable exemptions, the release of which records foreseeably would harm an interest that the exemption protects, or which are protected from disclosure by one or more applicable exemptions.

### THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief.

**SIXTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: March 1, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:      /s/ *Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512

*Attorneys for the United States of America*